```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JESUS TACURI,
                                                                Civil Action No._____

                                Plaintiff,              ACTION UNDER 29 U.S.C.§ 216(b)

        -v.-
                                                        COMPLAINT
JCO CONSTRUCTION INC., CARLOS
RODAS, JUAN RODAS and
ORLANDO RODAS,
individually,

                                Defendants
-----------------------------------------------------------X
```

Plaintiff JESUS TACURI, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants JCO CONSTRUCTION INC., CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS, individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid overtime wage compensation for Plaintiff, a former employee of Defendant JCO CONSTRUCTION INC., a New York Corporation with offices at 68 Sheridan Ave Brooklyn, NY 11208, and its principal, Defendants CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS, where Plaintiff was employed primarily as a laborer.

2. At all times relevant hereto, Plaintiff was compensated at a rate of $30 per hour from February 2018 until April 3, 2023.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants only compensated Plaintiff at a rate of (I) $30 per hour and failed to pay Plaintiff his lawful overtime pay for that period from 2018 until April 3, 2023, where he worked well in excess of forty (40) hours per workweek.

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the overtime compensation required by federal and state law and regulations.

6. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws. Moreover, at all relevant times, Defendants failed to maintain accurate record keeping as required by the FLSA and the NYLL.

7. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

9. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

14. Plaintiff JESUS TACURI ("TACURI") is and was at all times relevant hereto an individual residing in the county of Brooklyn, in the City and State of New York.

15. Plaintiff TACURI was employed by JCO CONSTRUCTION INC. at its offices at 68 Sheridan Ave Brooklyn, NY 11208 from approximately February 2018 until April 3, 2023, where his primary work duty was as a laborer.

16. At all times relevant hereto, Plaintiff TACURI was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

18. Defendant JCO CONSTRUCTION INC. is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 68 Sheridan Ave Brooklyn, NY 11208.

19. Upon information and belief, Defendant JCO CONSTRUCTION INC. is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2022, and were directly engaged in interstate commerce.

20. Upon information and belief, Defendants CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS are the President, Chief Executive Officer, Manager, principal, or agent of Defendant JCO CONSTRUCTION INC.

21. Upon information and belief, and at all times relevant to the claims herein, Defendants CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS possessed operational control over Defendant JCO CONSTRUCTION INC. by reason of their ownership interest, and control of significant functions of Defendant Corporation; that Defendants CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS: (i) were known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant JCO CONSTRUCTION INC.; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

22. Defendants CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## **COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

23. Defendants owned and operated JCO CONSTRUCTION INC., a corporate entity principally engaged in Brooklyn, New York. At all relevant times, Defendants JCO CONSTRUCTION INC., CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS possessed operational control over the Defendant Corporation; possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff JESUS TACURI and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

   c. failing to provide statutorily required wage and hour records or statements of pay received, in part to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

25. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants'

unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff JESUS TACURI and the other class members.

26. Defendant JCO CONSTRUCTION INC., under the direct supervision and authority of Defendants CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS, acted in the interest of the Defendants with respect to its employees, the rate of and method of employee compensation was paid and shared joint control over their employees.

27. At relevant times, Defendants JCO CONSTRUCTION INC., CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

28. Defendants JCO CONSTRUCTION INC., CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

29. Defendants JCO CONSTRUCTION INC., CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

30. At all times relevant hereto, Defendants JCO CONSTRUCTION INC., CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for

Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

31. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff JESUS TACURI**

32. Plaintiff worked from approximately February 2018 until April 3, 2023, Plaintiff JESUS TACURI was employed without interruption by Defendants at their 68 Sheridan Ave Brooklyn, NY 11208 facility where Plaintiff JESUS TACURI's work duties were being a laborer.

33. Plaintiff JESUS TACURI's work schedule Sunday to Friday was from 7:00 A.M. until 3:30 P.M., for approximately fifty-one (51) hours per week; there was no punch clock to record his working hours, with no overtime pay.

34. Plaintiff JESUS TACURI was paid at a rate of $30 per hour. Defendants paid him his regular hours by check and the overtime hours were paid in cash.

35. Plaintiff JESUS TACURI did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff JESUS TACURI did not come and go at his pleasure but rather was controlled by Defendants.

36. Plaintiff JESUS TACURI was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff JESUS TACURI's work is properly characterized as menial physical labor.

37. Plaintiff JESUS TACURI regularly handled goods in interstate commerce and

other items produced outside of the State of New York.

38. Plaintiff worked without appropriate overtime wages from the beginning until the end of his employment with Defendants.

39. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff JESUS TACURI regarding wages as required under the FLSA and NYLL.

40. Defendants did not provide Plaintiff JESUS TACURI with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

41. Defendants never provided Plaintiff JESUS TACURI with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

### **Defendants' General Employment Practices**

42. As part of their regular business practices Defendants required Plaintiff JESUS TACURI to work without paying Plaintiff the proper overtime wages as required by federal and state laws.

43. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

44. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff JESUS TACURI with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

45. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying

Plaintiff properly for (i) his full hours worked, and (ii) overtime wages.

46. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

47. Throughout the relevant time period, Defendants paid Plaintiff JESUS TACURI wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

48. Defendants failed to provide Plaintiff JESUS TACURI with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime Wage/ Recordkeeping Provisions)**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

51. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within

the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

52. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

53. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

54. Defendants failed to satisfy the FLSA's recordkeeping requirements.

55. Defendants acted willfully in their violations of the FLSA's requirements.

56. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Damaged in an amount to be determined at trial.

## **SECOND CAUSE OF ACTION**
**(Unpaid Overtime Wages Under New York Labor Law)**

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. Defendants' failure to pay Plaintiff overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

60. Due to Defendants' willful violations of the NYLL, Plaintiff JESUS TACURI is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-

judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

63. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

### **FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and any overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

66. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to

NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JESUS TACURI, respectfully requests that this Court enter judgment against Defendants JCO CONSTRUCTION INC., CARLOS RODAS, JUAN RODAS, and ORLANDO RODAS, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e. Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

g. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

h. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

i. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

k. All such other and further relief as the Court deems just and proper.

l. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

m. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

n. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

o. An award of post-judgment interest pursuant to 28 U.S.C. §

1961 and/or the New York Civil Practice Law and Rules § 5003;

  p. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
   May 1st, 2023

           LINA STILLMAN, ESQ.

           ___/s/ Lina Stillman_____
           Lina Stillman, Esq.
           Attorneys for Plaintiff
           Stillman Legal, P.C.
           42 Broadway, 12t Floor
           New York, New York 10004
           Tel (212) 203-2417
           www.StillmanLegalPC.com